IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | TEMPORARY RESTRAINING ORDER |
| v. | 15-cv-45-jdp |
| LOREN W. HOLZHUETER AND ISC., INC., | |
| Defendants, | |
| and | |
| HONEFI, LLC, | |
| Relief Defendant. | |

---

On January 21, 2015, plaintiff United States Securities and Exchange Commission (SEC) filed an emergency motion for a temporary restraining order and other relief against defendants Loren W. Holzhueter and ISC, Inc., d/b/a Insurance Service Center (ISC) and relief defendant Honefi, LLC. The court heard argument from counsel for the parties at a hearing on January 22, 2015. The court directed the parties to attempt to negotiate a stipulated TRO, and failing that, to submit alternative provisions on points of disagreement. The parties have reached substantial agreement on most issues, and submitted their alternative versions of the proposed order.

After considering the complaint, the SEC's motion and supporting papers, oral argument from both sides, and submissions in support of the parties' alternative versions of the proposed order, the court finds that:

This court has subject matter jurisdiction over this case as it arises under federal law, namely the Securities Act of 1933, the Securities Exchange Act of 1934, and regulations promulgated thereunder, and personal jurisdiction over defendants and Honefi, LLC (named in this matter as "relief defendant");

The SEC has made a *prima facie* showing of securities violations by defendants, although defendants admit no wrongdoing;

A temporary restraining order is warranted to prevent future violations of securities laws and to protect the interests of investors in and creditors of ISC;

The parties have reached substantial agreement on many of the terms of a proposed TRO, and the court has resolved the remaining points of dispute, subject to further orders of the court.

Accordingly, IT IS ORDERED AS FOLLOWS:

I. ORDER RESTRAINING DEFENDANTS FROM VIOLATING SECTION 17(A) OF THE SECURITIES ACT, SECTION 10(B) OF THE EXCHANGE ACT, AND RULE 10B-5 THEREUNDER.

    A.    IT IS HEREBY ORDERED that defendants and each of their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including mail, facsimile transmission, overnight delivery service, or electronic mail, are restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by, directly or indirectly, in connection with the offer or sale of any security, through the use of the means or instrumentalities of interstate commerce or of the mails or any facility of any national security exchange,

        1.    employing any device, scheme, or artifice to defraud;

    2.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading; or

    3.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

    B.    IT IS HEREBY FURTHER ORDERED that defendants and each of their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including mail, facsimile transmission, overnight delivery service, or electronic mail, are restrained from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78(j)(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5] by, directly or indirectly, in connection with the purchase or sale of securities, through the use of the means or instrumentalities of interstate commerce or of the mails or any facility of any national security exchange,

    1.    employing any device, scheme, or artifice to defraud;

    2.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    3.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.    PROHIBITION AGAINST RAISING INVESTOR FUNDS**

IT IS HEREBY FURTHER ORDERED that defendants and each of their officers, agents, servants, employees, and those persons in active concert or participation with them

who receive actual notice of this order by personal service or otherwise, including mail, facsimile transmission, overnight delivery service, or electronic mail, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors, or making any interest or principal payments to investors, pending the resolution of this action or further order of this court. This provision does not prohibit employees or agents of ISC (other than Loren W. Holzhueter himself) from referring investment inquiries to ISC's present independent contractor licensed, brokers or investment advisers.

### III. ASSETS OF LOREN W. HOLZHUETER

A. IT IS HEREBY FURTHER ORDERED that the assets of Loren W. Holzhueter are frozen, which freeze may be subject to additional terms to be determined by the parties. Until further order of the court, Loren W. Holzhueter will not divest himself, encumber, or dispose of his assets other than as provided in this order. The parties may present to the court a joint proposal for the terms of a further order concerning the assets of Loren W. Holzhueter. If the parties cannot agree on the terms of such an order, the parties will each submit proposed orders to the court.

B. IT IS HEREBY FURTHER ORDERED that, notwithstanding the foregoing, Loren W. Holzhueter will be permitted to use up to $4,000 per month of funds otherwise subject to the asset freeze for his ordinary and necessary personal living expenses during the pendency of this order. Further, any payments that Loren W. Holzhueter receives from Social Security or Medicare are not subject to this asset freeze. Loren W. Holzhueter will keep accurate records of his monthly expenditures and will provide them to the SEC or the court upon request.

**C.**     IT IS HEREBY FURTHER ORDERED that Loren W. Holzhueter and ISC will disclose to plaintiff within 14 days, or such further time as the parties agree, the following information about all insurance policies on Loren W. Holzhueter's life: name and address of insurer, policy number, policy date, and amount of insurance. ISC will continue to keep all insurance policies on Loren W. Holzhueter's life current and will pay all premiums on those polices as they come due. In the event Loren W. Holzhueter dies, all insurance companies with a policy of insurance on Loren W. Holzhueter's life will be notified of this TRO, and are then enjoined from payout of insurance proceeds pending agreement of the parties or further order of this court.

**IV.    ACCOUNTING**

IT IS HEREBY FURTHER ORDERED that ISC and Honefi, LLC, will submit in writing and serve upon the SEC an accounting of their assets. The parties will negotiate and present to the court within 14 days, or such further time as the parties agree, a joint proposal for terms of such accounting, including the time within which said accounting will be served upon the SEC. If the parties cannot agree on the terms of an accounting, the parties will each submit proposed orders to the court by the same date.

**V. DOCUMENT PRESERVATION**

IT IS HEREBY FURTHER ORDERED that until further order of this court, defendants and each of their officers, agents, servants, employees, including attorneys (to the extent that they possess any material subject to this provision), and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including mail, facsimile transmission, overnight delivery service, or electronic mail, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or

transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property relating to defendants or the misconduct described in the complaint.

## VI. LITIGATION BAR

The court declines to enter a litigation bar at this time. Any party may request a litigation bar if it can show that such a measure would be appropriate.

## VII. OVERSIGHT

IT IS HEREBY FURTHER ORDERED that the parties engage in good faith negotiations to establish a reporting and oversight plan acceptable to the parties. The reporting and oversight plan must include an independent third party, acceptable to the SEC and engaged by ISC at its own expense, to oversee financial transactions of ISC. The reporting and oversight plan must also: protect the interests of investors and unsecured lenders to ISC; preserve and protect the value of ISC; and ensure the SEC's access to ISC information to verify compliance with this order.

The parties should present to the court within 14 days of this order, or such further time as the parties agree, a joint proposed order outlining the reporting and oversight plan. If the parties cannot agree to a joint proposed order, the parties will each submit proposed orders to the court by the same date.

## VIII. FURTHER PROVISIONS

A.   The SEC's emergency motion for temporary relief, Dkt. 4, its motion for entry of its proposed TRO, Dkt. 18, and defendants' motion for entry of their proposed TRO, Dkt. 19, are all GRANTED in part and DENIED in part, as provided in this order.

B.  This order will remain in force until further order of this court; either party may seek modification or termination of this order for good cause.

C.  The United States Marshal in any district in which any defendant resides, transacts business, or may be found is authorized and directed to make service of process upon any defendant at the request of the SEC.

D.  This court will retain jurisdiction of this matter for all purposes.

E.  Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

SO ORDERED, January 28, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge