UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 3:15-45-jsp |
| LOREN W. HOLZHUETER, and ISC, Inc. (d/b/a Insurance Service Center), | : |
| Defendants, and | : |
| HONEFI, LLC, | : |
| Relief Defendant. | : |

## ORDER APPOINTING INDEPENDENT MONITOR

**WHEREAS** this matter comes before this Court upon the agreement of the plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") and Defendants by their counsel to appoint an independent monitor in the above-captioned action; and,

**WHEREAS**, on January 28, 2015, this Court entered a Temporary Restraining Order ("TRO") ordering parties to propose an oversight plan including an independent third party, acceptable to the SEC and engaged by ISC at its own expense, to oversee financial transactions of ISC (*see* Docket No. 20); and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  An Independent Monitor shall be appointed to monitor ISC, Inc. d/b/a Insurance Service Center ("ISC") and ISC's compliance with this Court's TRO, as well as other orders entered by this Court in connection with the TRO or the relief requested in the SEC's January 21,

2015 emergency motion.

2. Within five (5) days of entry of this Order, Defendant ISC shall identify to the SEC a candidate for appointment as Independent Monitor. ISC's candidate shall have no existing business relationship with ISC and no role in ISC's governance during the past ten years. At any time after that five-day period, the SEC may file with the Court either (a) an unopposed motion seeking appointment of the candidate ISC proposed, or (b) a motion seeking appointment of a candidate for Independent Monitor of the SEC's choosing.

3. The engagement of the Independent Monitor shall continue until this Court provides notice that the services of the Independent Monitor are no longer necessary.

4. Subject to the specific provisions below, the Independent Monitor shall have the following general powers and duties:

   a. To monitor the bank accounts of ISC in order to ensure compliance with the TRO;

   b. To analyze the propriety of any transactions, outside of ISC's ordinary and legitimate course of business as described in paragraph 5, which may be proposed by ISC, and either grant or withhold approval for those proposed transactions;

   c. To make reports to the Commission and/or the Court as necessary and appropriate for the preservation of investor funds and/or to prevent the dissipation or concealment of investor funds;

   d. To act as a fiduciary to the interests of the individuals referred to in the Court's TRO as "investors and unsecured lenders" (the "Investors and Unsecured Lenders");

   e. To take such other reasonable actions consistent with this order, or as may be

approved by this Court.

5. Subject to the provisions below, the Independent Monitor may, but is not obligated to, do the following:

   a. Oversee the payment by ISC of the premiums on Loren Holzhueter's life insurance policies and the maintenance of those policies;

   b. Advise and consult with ISC management on best business practices to serve the interests of Investors and Unsecured Lenders;

   c. Communicate with third parties such as Investors and Unsecured Lenders, insurance carriers, or other persons or companies. Such communications will be limited to providing factual information regarding this Order, the duties and responsibilities of the Independent Monitor, and actions undertaken by the Independent Monitor; and

   d. Contact third parties as necessary to obtain information about ISC's income, expenditures, assets or liabilities.

6. Defendants shall provide the Independent Monitor with five (5) business days advance notice of any proposed transaction, outside of those necessary to maintain the ordinary course, routine and legitimate operations of ISC's insurance business, including but not limited to rent, utilities, office supplies, and the twice-monthly payroll and taxes. Transactions requiring notice to the Independent Monitor include but are not limited to payment to an investor (whether consisting of interest or principal); acceptance of new investor funds, loan, or financings (excluding ISC customer insurance premiums and payments for services rendered by ISC); the offer or sale of promissory notes; payment to Defendant Loren W. Holzhueter; payment to Aaron Holzhueter or Arlene Holzhueter (to the extent that ISC intends to make payments to Aaron and/or Arlene Holzhueter in the form of regular, periodic wages for services rendered,

ISC need only provide notice to the monitor in conformance with this paragraph for the first such payment and then, if the Independent Monitor approves and the SEC does not object, future payments may be made without advance notice to the Independent Monitor, provided that those payments are in the same amounts as the first payment); payment to Kravit, Hovel & Krawczyk, S.C.; payment to Steinhilber, Swanson, Mares, Marone & McDermott; payment to any entity owned in whole or in part or managed by Loren, Aaron or Arlene Holzhueter, including but not limited to Quality Tax and Accounting Services LLC, and/or Relief Defendant Honefi LLC other than rent as per other orders in this case; or payment of bonuses or incentive payments to any employee, agent, officer, director, manager or trustee of ISC in excess of contractually agreed bonus or incentive payments where such contracts pre-date the SEC's January 21, 2015 Complaint in this matter ("Proposed Transactions").

7. The Independent Monitor will, within five (5) business days, either approve or reject the Proposed Transaction, by written notice to ISC and the Commission. With respect to attorney fees, costs and expert consultant expenses, if ISC management has proposed the bill for payment, ISC will provide an unredacted copy of such bill to the Independent Monitor for review (ISC shall provide a redacted copy of these bills to the SEC upon request), and the Independent Monitor shall approve such timely invoices unless a) there is something mistaken in the bill itself, b) the Independent Monitor believes that payment of such an invoice will materially impair ISC's ability to continue normal operations or otherwise materially adversely impact the Investors and Unsecured Lenders, or c) if the fees are materially overstated. The Independent Monitor may approve such an invoice to be paid in installments over no more than 90 days as cash flow permits. If the Independent Monitor rejects a Proposed Transaction, ISC shall not consummate the Proposed Transaction without first obtaining leave of Court. If the Independent Monitor approves a Proposed Transaction, ISC will not act until the earlier of: (a) five days after

notice of the Independent Monitor's acceptance, or (b) notice by the SEC that it will not object to the Independent Monitor's decision.

8. Defendants or the Commission may file with the Court any objections to any decision by the Independent Monitor with respect to a Proposed Transaction. The Commission must file any objection to a decision by the Independent Monitor within five (5) business days. If the Commission files such an objection, ISC shall not consummate the Proposed Transaction without first obtaining leave of Court.

9. The Independent Monitor shall report to the Court regularly, and in no event less often than every month, concerning the status of ISC's compliance with the TRO, including any potential areas of noncompliance.

10. Defendants shall fully cooperate with the Independent Monitor and shall allow the Independent Monitor access to any and all ISC documentation, files, and other materials that the Independent Monitor requests for review in the course of its duties as set forth above.

11. Defendants shall make available to the Independent Monitor, on a monthly basis, irrespective of whether such documents would be prepared or compiled in the ordinary course,

    a. account statements for all accounts held at any bank, brokerage or other financial institution in the name, for the direct or indirect benefit, or under the direct or indirect control, of ISC, or in which ISC has or had any direct or indirect beneficial interest;

    b. balance sheets that disclose assets and liabilities of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of ISC; and

    c. cash flow statements that disclose all categories of income and expenses of

ISC.

12. If Defendants dispute the Independent Monitor's request for access to any documents, Defendants may seek a protective order from the Court.

13. The Defendants and all persons receiving notice of this Order by personal service, facsimile transmission, mail, electronic mail, overnight delivery, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Independent Monitor, which would hinder, obstruct or otherwise interfere with the Independent Monitor in the performance of his duties. Such prohibited actions include but are not limited to, concealing, destroying or altering records or information.

14. The Independent Monitor shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

15. For the period of engagement and for a period of two years from completion of the engagement, without the consent of the Court the Independent Monitor shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendants, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. Any firm with which the Independent Monitor is affiliated or of which he/she is a member, and any person engaged to assist the Independent Monitor in performance of his/her duties under this Order shall not, without consent of this Court, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendants, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement.

16. Until further Order of this Court, the Independent Monitor shall not be required to post bond, obtain insurance, or give an undertaking of any type in connection with his obligations in this matter.

17. The Independent Monitor is entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for his own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Independent Monitor be liable to anyone for his good faith compliance with his duties and responsibilities as Independent Monitor. No individual or entity who claims they have been harmed or aggrieved by a decision or action of the Independent Monitor shall file any action, lawsuit, claim or petition, in any forum, without first obtaining leave of this Court.

18. This Court shall retain jurisdiction over any action filed against the Independent Monitor based upon acts or omissions committed in their representative capacities.

19. In the event the Independent Monitor decides to resign, the Independent Monitor shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Independent Monitor shall then follow such instructions as the Court may provide.

20. The Independent Monitor is entitled to reasonable compensation and expense reimbursement from ISC. Such compensation shall require the prior approval of the Court.

21. Within fifteen (15) days after the end of each month, the Independent Monitor shall apply to the Court for compensation and expense reimbursement from ISC (the "Monthly Fee Applications"). At least five (5) days prior to filing each Monthly Fee Application with the Court, the Independent Monitor will serve upon ISC and counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by counsel for the Commission.

22. The duties and obligations of the Independent Monitor as set forth herein shall apply with equal force to any person employed or retained by the Independent Monitor.

SO ORDERED at _10:20_ a.m./p.m. CST this _12th_ day of _FEBRUARY_, 2015 by

JUDGE: _____
United States District Judge