UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOREN W. HOLZHUETER, and ISC, Inc. (d/b/a Insurance Service Center),<br><br>Defendants, and<br><br>HONEFI, LLC,<br><br>Relief Defendant. | CASE NO. 15-cv-45 |

### ORDER FOR ACCOUNTING

Pursuant to the Court's January 28, 2014 Temporary Restraining Order, plaintiff United States Securities and Exchange Commission's ("SEC" or "Commission") and Defendants Loren W. Holzhueter and ISC, Inc. d/b/a Insurance Service Center ("ISC"), and Honefi, LLC ("Honefi") (collectively, "Defendants") have submitted a joint proposal for an accounting of Defendant ISC and Relief Defendant Honefi.

Accordingly, IT IS HEREBY ORDERED as follows:

I.   **Accounting by Defendant ISC**: Defendant ISC shall submit in writing and serve upon the SEC, an accounting that includes:

A.   A list identifying every creditor of ISC– including all of the individuals and entities that invested in ISC as alleged by the SEC in its Complaint in this case, or which loaned money to ISC as Defendants contend – and which identifies (1) the current balance ISC owes to that creditor (separately identifying outstanding principal and interest), (2) the terms by which

ISC must repay the debt (including the original principal and the percentage interest rate ISC owes), (3) the monthly interest – or other payment obligation – owed by ISC to that creditor, and (4) the maturity date of the loan or investment. ISC shall provide this information to the best of its ability for the time period beginning December 1, 2013 to the present within thirty (30) days of entry of this Order. For the time period ending November 30, 2013 (1) ISC shall make its best effort to secure the necessary documents to provide this information to the SEC, (2) ISC shall report on the status of its document search and progress within thirty (30) days of entry of this Order, and (3) upon receipt of this status report, the parties shall meet and confer regarding a new schedule for final production of the outstanding items, and either party may move the Court for the adoption of a new production schedule.

      B.      For the calendar years 2013 and 2014, as shown in ISC's bank account records, customer files and/or computerized accounting data, all transfers or payments of funds to ISC and/or Honefi from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number financial institution of the party making and the party receiving the transfer or payment). ISC shall provide this information to the best of its ability for the time period beginning December 1, 2013 to the present within thirty (30) days of entry of this Order. For the time period ending November 30, 2013, (1) ISC shall make its best effort to secure the necessary documents to provide this information to the SEC, (2) ISC shall report on the status of its document search and progress within thirty (30) days of entry of this Order, and (3) upon receipt of this status report, the parties shall meet and confer regarding a new schedule for final production of the outstanding items, and either party may move the Court for the adoption of a new production schedule.

C. For the calendar years 2013 and 2014, as shown in ISC's bank account records, customer files and/or computerized accounting data, disclosure of ISC's disposition of each transfer or payment identified in response to paragraph (B) above and all assets derived therefrom, including but not limited to (1) the nature and results of any investment in which the funds were used; (2) any subsequent transfer or payments of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number, and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and (3) any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses. ISC shall provide this information to the best of its ability for the time period beginning December 1, 2013 to the present within thirty (30) days of entry of this Order. For the time period ending November 30, 2013, (1) ISC shall make its best effort to secure the necessary documents to provide this information to the SEC, (2) ISC shall report on the status of its document search and progress within thirty (30) days of entry of this Order, and (3) upon receipt of this status report, the parties shall meet and confer regarding a new schedule for final production of the outstanding items, and either party may move the Court for the adoption of a new production schedule.

D. A balance sheet for ISC as of December 31, 2014 that discloses assets and liabilities of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of ISC, whether in the United States or elsewhere. ISC shall make its best effort to provide this information within twenty-one (21) days of this Order being entered.

E. An income statement as of December 31, 2014 that discloses -- for the previous quarter and calendar year -- all categories of income and expenses that exceeded five hundred

dollars ($500) for ISC. ISC shall make its best effort to provide this information within twenty-one (21) days of this Order being entered.

 F. A list disclosing all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of ISC, or in which ISC has or had any direct or indirect beneficial interest, at any time from 2008 to the present. ISC shall provide the Commission with a list of all accounts that it had open in 2013 and 2014 and will provide account statements for January and February 2015 within ten (10) days of receipt. ISC shall make its best effort to provide the Commission with a summary of all its accounts from 2008 through 2012 within forty-five (45) days of this Order being entered.

 G. Any and all promissory notes entered into by ISC between November 2013 and the present.

**II.** **Accounting by Relief Defendant Honefi LLC:** The parties recognize that Relief Defendant Honefi has not, in the past, specifically prepared accounting reports of the type set forth below. Relief Defendant Honefi shall use its best efforts to submit in writing and serve upon the SEC, an accounting that includes:

 A. A list identifying every creditor of Honefi – including all of the individuals and entities that invested in Honefi as alleged by the SEC in its Complaint in this case, or which loaned money to Honefi as Defendants contend – and which identifies (1) the current balance Honefi owes to that creditor (separately identifying outstanding principal and interest), (2) the terms by which Honefi must repay the debt (including the original principal and the percentage interest rate ISC owes), (3) the monthly interest – or other payment obligation – owed by Honefi to that creditor, and (4) the maturity date of the loan or investment. Honefi shall provide

this information to the best of its ability for the time period beginning December 1, 2013 to the present within thirty (30) days of entry of this Order. For the time period ending November 30, 2013 (1) Honefi shall make its best effort to secure the necessary documents to provide this information to the SEC, (2) Honefi shall report on the status of its document search and progress within thirty (30) days of entry of this Order, and (3) upon receipt of this status report, the parties shall meet and confer regarding a new schedule for final production of the outstanding items, and either party may move the Court for the adoption of a new production schedule.

  B. For the calendar years 2013 and 2014, as shown in Honefi's bank account records, customer files and/or computerized accounting data, all transfers or payments of funds to ISC and/or Honefi from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number financial institution of the party making and the party receiving the transfer or payment). Honefi shall provide this information to the best of its ability for the time period beginning December 1, 2013 to the present within thirty (30) days of entry of this Order. For the time period ending November 30, 2013, (1) Honefi shall make its best effort to secure the necessary documents to provide this information to the SEC, (2) Honefi shall report on the status of its document search and progress within thirty (30) days of entry of this Order, and (3) upon receipt of this status report, the parties shall meet and confer regarding a new schedule for final production of the outstanding items, and either party may move the Court for the adoption of a new production schedule.

  C. A balance sheet for Honefi as of December 31, 2014 that discloses assets and liabilities of every type and description with a value of at least one thousand dollars ($1,000)

presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Honefi, whether in the United States or elsewhere. Honefi shall make its best effort to provide this information within twenty-one (21) days of this Order being entered.

D.  An income statement as of December 31, 2014 that discloses -- for the previous quarter and calendar year -- all categories of income and expenses that exceeded five hundred dollars ($500) for Honefi. ISC shall make its best effort to provide this information within twenty-one (21) days of this Order being entered.

E.  A list disclosing all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Honefi, or in which Honefi has or had any direct or indirect beneficial interest, at any time from 2008 to the present. Honefi shall provide the Commission with a list of all accounts that it had open in 2013 and 2014 and will provide account statements for January and February 2015 within ten (10) days of receipt. Honefi shall make its best effort to provide the Commission with a summary of all its accounts from 2008 through 2012 within forty-five (45) days of this Order being entered.

F.  Any and all promissory notes entered into by Honefi between November 2013 and the present.

III.  **Disclosures by the Commission:**

A.  The Commission shall provide to counsel for ISC a copy of all bank account numbers for ISC and bank statements and supporting records

B.  The Commission may provide additional materials in its possession concerning ISC's bank accounts, subject to work product, statutory, and other limitations, including account

6

statements, deposits to its accounts, and withdrawals from its accounts to assist in compiling the reports required by this Order.

SO ORDERED on FEBRUARY 12, 2015 by

JUDGE: _____
United States District Judge