IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

           Plaintiff,

  v.

THE ESTATE OF LOREN W. HOLZHUETER
and ISC, INC., d/b/a INSURANCE SERVICE CENTER,

           Defendants,

  and

HONEFI, LLC, ARLENE HOLZHUETER,
and AARON HOLZHUETER,

           Relief Defendants.

CONSENT JUDGMENT
AS TO THE ESTATE OF LOREN
HOLZHUETER

15-cv-45-jdp

---

The Securities and Exchange Commission having filed a Complaint and Amended Complaint and Defendant the Estate of Loren W. Holzhueter ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint and Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III) (the "Consent"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement shall be determined by the Court upon motion of the Commission; and that prejudgment interest shall be calculated from the date the ill-gotten gain was obtained, based

on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that Loren Holzhueter did not violate the federal securities laws as alleged in the Complaint and Amended Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) <u>solely for the purposes of such motion</u>, the allegations of the Complaint and Amended Complaint shall be accepted and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties. The Court will enter a Final Judgment incorporating its ruling on the motion for disgorgement. The Final Judgment will not be appealable.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including the undertakings to agree to entry of an Order by the Court requiring that any proceeds from life insurance policies on the life of Loren Holzhueter (the "Life Insurance Policies") be paid into the registry of the Court (or an escrow account established and agreed to by the Parties) and that those proceeds remain frozen pending further order of the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in 11 U.S.C. § 523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Entered November 2, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge