IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

   v.

ISC, INC., d/b/a INSURANCE SERVICE CENTER, and
THE ESTATE OF LOREN W. HOLZHUETER,          OPINION & ORDER

                 Defendants,                15-cv-45-jdp

    and

HONEFI, LLC, ARLENE HOLZHUETER, and AARON
HOLZHUETER,

                 Relief Defendants.

---

       Defendants ISC, Inc. and the Estate of Loren W. Holzhueter face several Wisconsin state court actions brought by the victims of the alleged securities fraud at issue in this case.[1] Defendants ask that this court enjoin these state court actions, and any future state court actions against defendants and relief defendants, until this federal case concludes. Dkt. 87, at 1. Because defendants have not shown that such an injunction is actually necessary to this court's exercise of its jurisdiction, the court does not have the authority to grant the relief requested. The court will deny defendants' motion.

---

[1] The state court cases are: *Wegner v. ISC, Inc., et al.*, Dodge County Case No. 15-cv-108; *Groth, et al. v. ISC, Inc., et al.*, Dodge County Case No. 15-cv-289; *Pritchard v. ISC, Inc., et al.*, Jefferson County Case No. 15-cv-352; *Tesch, et al. v. ISC, Inc., et al.*, Dodge County Case No. 15-cv-419; *Heinecke, et al. v. ISC, Inc., et al.*, Waukesha County Case No. 15-cv-507; and *In the Estate of Loren Holzhueter*, Jefferson County Case No. 15-in-52.

RELEVANT BACKGROUND

The SEC initiated this case on January 21, 2015. Dkt. 1. On January 28, 2015, the court issued a temporary restraining order (TRO) against defendants. Dkt. 20. The TRO remains in effect and provides, in relevant part, that "defendants and each of their officers, agents, servants, employees, and those persons in active concert or participation with them . . . are hereby prohibited from . . . making any interest or principal payments to investors, pending the resolution of this action or further order of this court." *Id.* at 3-4. The TRO froze defendants' assets. *Id.* at 4-5.

On November 2, 2015, the court granted the parties' joint motion for entry of partial judgment against defendants and entered consent judgments against ISC, Inc. and the Estate of Loren W. Holzhueter. Dkts. 79-81. The consent judgments provide, in relevant part, that defendants will "pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty [ISC only] shall be determined by the Court upon motion of the Commission; and that the prejudgment interest shall be calculated from the date the ill-gotten gain was obtained[.]" Dkt. 80, at 3 and Dkt. 81, at 1. Neither defendant admitted or denied the allegations at issue.

On November 18, 2015, the court granted the parties' joint motion to deposit Loren W. Holzhueter's life insurance proceeds with the court. Dkt. 86. The assets remain frozen and will be available to "satisfy any agreement reached by the parties to this case or any remedy ordered by the Court." *Id.* at 3. Thus, this court now has control over defendants' assets and the life insurance proceeds.

ANALYSIS

Defendants phrase their motion as one seeking a "stay" of the state court actions, but they are actually asking the court to enjoin the state court plaintiffs from prosecuting their suits for a time. Defendants' arguments would be better addressed to the state courts, but apparently that gambit has already failed. To win the injunction they seek from this court, defendants must make a very compelling showing of actual necessity.

Defendants contend that the injunction is needed to: (1) ensure that the court is able to timely and orderly resolve this action; (2) avoid depleting defendants' assets and to maximize investor recovery; and (3) spare defendants the burden of having to litigate this case on multiple fronts. The SEC does not support the injunction because the risk of disparate treatment among the investor victims is low, and the state court actions do not threaten the court's ability to promptly resolve this case at it sees fit. Dkt. 92. Some of the state court plaintiffs have appeared in this case to oppose the injunction, but they acknowledge that this court has control of defendants' assets so that they will not be able to enforce any state-court judgment against defendants until this case is complete. Dkt. 94.

The Anti-Injunction Act prohibits the court from enjoining the state court actions. Even if it did not, the court is not persuaded that the injunction is needed to protect any important interests.

**A.  The Anti-Injunction Act prohibits the court from enjoining the state court actions**

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Courts construe these three exceptions narrowly. *In re Diet*

3

*Drugs*, 282 F.3d 220, 233 (3d Cir. 2002) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)); *see also Zurich Am. Ins. Co. v. Superior Court for Cal.*, 326 F.3d 816, 824 (7th Cir. 2003) ("Because of the Act's constitutional foundation, its three exceptions are to be applied narrowly[.]"). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast*, 398 U.S. at 297.

Because Congress has not expressly authorized the requested stay, the stay is authorized only if it is "necessary in aid of [this court's] jurisdiction" or "to protect and effectuate its judgments." "Both exceptions to the general prohibition of [§] 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* at 294-95.

"Ordinarily, the 'aid of jurisdiction' exception to the Anti-Injunction Act applies only to parallel state *in rem* rather than *in personam* actions." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996). Exceptions to this general rule typically include highly unusual complex cases, such as school desegregation cases, *see Garcia v. Bauza-Salas*, 862 F.2d 905, 909 (1st Cir. 1988), and complex multidistrict litigation, "where a parallel state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation." *Winkler*, 101 F.3d at 1202. But generally the necessary in aid of jurisdiction exception empowers federal courts to stay parallel state court actions "that might render the exercise of the federal court's jurisdiction nugatory." *Id.* at 1203. In other words, the injunction must be *necessary*. *Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 485 (7th Cir.), *cert. denied sub*

4

*nom.*, *Nestle Purina PetCare Co. v. Curts*, 136 S. Ct. 32 (2015) ("No matter what one makes of the word 'jurisdiction' in § 2283, an injunction is proper only when 'necessary' to protect federal jurisdiction."). Necessary does not mean prudent, beneficial, helpful, or convenient. *Id.*; *see also In re Diet Drugs*, 282 F.3d at 234 ("[I]t may not be sufficient that state actions risk some measure of inconvenience or duplicative litigation.").

Defendants have not demonstrated that the requested stay is necessary to this court exercising jurisdiction over this case. As defendants point out, this case is somewhat like an *in rem* case, because the court's primary task from this point will be to divide and distribute defendants' assets under the court's control. But this case is not an *in rem* action; it is an *in personam* action in which defendants are accused of fraud. The resemblance to an *in rem* case is the result of defendants' decision not to contest liability, leaving only remedial issues for the court.

This is not a case in which "a litigant's success in a parallel state court action would make a nullity of the district court's ruling, and render ineffective its efforts effectively to manage the complex litigation at hand[.]" *Winkler*, 101 F.3d at 1202. To the contrary, defendants' reasons for requesting the stay—including that the state court actions are "drawing focus" from this case and that the state court actions are unfair to other investors—do not affect the court's ability to resolve the remaining aspects of this case as it sees fit. And the fact that the state courts *may* issue orders that conflict with the TRO is not by itself a reason to issue the requested stay.[2] *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 807 (9th Cir.),

---

[2] Such orders would include, according to defendants, a state court discovery order that requires defendants to produce documents in violation of the federal TRO. Should that situation arise, the affected party (or state court plaintiff) should apply to this court for relief from the TRO.

5

*as amended on denial of reh'g,* (May 15, 2002) (reversing an injunction issued "to reconcile and foster the parties' ability to litigate their claims"). The "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act does not apply here.

Neither does the remaining exception. The "to protect or effectuate its judgments" exception permits federal courts to "enjoin litigation of matters finally adjudicated in federal court." *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 946 (7th Cir. 1981). Nothing in the record before the court indicates that the state court actions will relitigate issues resolved via the consent judgments entered in this case. This exception to the Anti-Injunction Act does not apply.

The court understands that the active state court actions are, as a practical matter, preventing defense counsel from giving their full attention to this case. But the inconvenience and expense of having to litigate on two fronts is not sufficient to overcome the Anti-Injunction Act's general prohibition on enjoining state court actions.

**B.  The stay is not needed to protect important interests**

Even if the court could stay the state court actions, the court is not persuaded that the requested stay is necessary to protect any important interest of either defendants or the investor victims.

First, the state court actions are unlikely to interfere with the resolution of this case. The court has already entered partial judgments against defendants. Dkt. 80 and Dkt. 81. All that remains is the SEC's forthcoming motion regarding disgorgement, prejudgment interest, and a civil penalty. This case should be resolved by early fall. Defendants have not articulated specifically how the state court actions would seriously interfere with this case before then.

Second, the state court actions do not pose any real risk of "line jumping" or unfair distribution of assets. The state court plaintiffs have acknowledged that they will not be able to—and will not attempt to—collect from defendants until this case has resolved; the defendants' assets are frozen and the life insurance proceeds were paid into the court's registry.[3] And the TRO—still very much in effect—prevents defendants from making payments to investors without this court's approval.

One final note to counsel: the SEC's motion regarding disgorgement, prejudgment interest, and a civil penalty is due on April 26, 2016; defendants' response is due June 10, 2016; the SEC's reply is due July 1, 2016. The court has already extended this briefing schedule twice and will not readily grant further extensions. The court will decide whether a hearing is necessary promptly after receiving the reply brief. Even if a hearing is needed, the court expects to decide the motion by the end of August, with an orderly claims administration and payment program to begin promptly thereafter.

---

[3] The state court plaintiffs acknowledge that "collection of their state court judgments will only be allowed after the disgorgement in this federal action is complete." Dkt. 94, at 14. "[The state plaintiffs] are also willing to agree to stay collection on their judgments until resolution of this action." *Id.* at 29.

ORDER

IT IS ORDERED that defendants ISC, Inc. and the Estate of Loren W. Holzhueter's motion to stay state court proceedings, Dkt. 87, is DENIED.

Entered April 7, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

8