IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

   v.

ISC, INC., d/b/a INSURANCE SERVICE CENTER, and
THE ESTATE OF LOREN W. HOLZHUETER,                ORDER

                Defendants,                           15-cv-45-jdp

   and

HONEFI, LLC, ARLENE HOLZHUETER, and
AARON HOLZHUETER,

                Relief Defendants.

---

      On October 20, 2016, the court issued an order appointing a receiver and, to prevent interference with the receiver's work, staying all ancillary proceedings, such as the lawsuits that certain investors have filed in state court. Dkt. 196. Now the state court plaintiffs have moved, once again, to intervene in this case, this time to appeal the court's order appointing a receiver and staying all ancillary litigation. Dkt. 197. The SEC concedes that the state court plaintiffs may appeal the court's October 20, 2016, order, Dkt. 196, but it opposes the motion because the state court plaintiffs do not need to formally intervene to do so. Dkt. 202. The court will deny the motion to intervene because it is unnecessary.

      The court's order appointing a receiver and enjoining the state court cases, Dkt. 196, is immediately appealable. 28 U.S.C. § 1292(a). And investors affected by a receiver's distribution plan have a right to appeal without formally intervening. *See S.E.C. v. Enter. Tr. Co.*, 559 F.3d 649, 652 (7th Cir. 2009) (permitting "investors to appeal in receivership

proceedings without intervening"). The court has already determined that the state court plaintiffs do not have a right to intervene in this case generally. *See* Dkt. 192, at 7-9. Nothing material to that decision has changed, so the court will deny the state court plaintiffs' motion to intervene.

But the state court plaintiffs are free to appeal the court's order appointing a receiver and staying all ancillary proceedings. Of course, the court has not yet approved any phase II distribution plan, and so the state court plaintiffs' objections to such a plan (including those objections they have already voiced about the potential liquidation of ISC) will likely be premature on appeal.

One final point. The SEC argues that the court should not stay the receivership proceedings pending the state court plaintiffs' appeal. No motion to stay is before the court. But based on information available to the court at this point, the court would not be inclined to stay the long-awaited receivership proceedings and distributions to the defrauded investor class.

## ORDER

IT IS ORDERED that the state court plaintiffs' motion to intervene for purposes of appeal, Dkt. 197, is DENIED.

Entered November 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge