IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

   v.

ISC, INC., d/b/a INSURANCE SERVICE CENTER, and
THE ESTATE OF LOREN W. HOLZHUETER,             ORDER

                Defendants,                       15-cv-45-jdp

   and

HONEFI, LLC, ARLENE HOLZHUETER, and
AARON HOLZHUETER,

                Relief Defendants.

---

On October 20, 2016, the court determined that it would allow KHK to "stand with" the defrauded investor class and recover a percentage of its attorney fees during phase I. Specifically, "[c]ommensurate with the investor class's projected phase I recovery, KHK will recover only a *pro rata* share of its unpaid fees and expenses [during phase I]." Dkt. 192, at 6. The court went on to explain that the investor class would recover approximately 66 percent of their net principal losses, so KHK would likewise recover 66 percent of the total value of its representation. Importantly, the court explicitly stated that any fees KHK had already recovered would count *against* its *pro rata* recovery, and, by the court's "rough calculation, this means that KHK will be paid approximately $188,000 in phase I." *Id.* at 6-7. On November 30, 2016, the court authorized the receiver to pay KHK $188,000 from the phase I funds. Dkt. 223.

Now KHK has moved for an additional phase I payout—it seeks a *pro rata* share of $242,209.79, which appears to be the balance of its unpaid fees. Dkt. 239. KHK is correct that the court allowed it to participate in phase I. But the court's October 20 order did not allow KHK to collect a *pro rata* share of its unpaid fees; it allowed KHK to collect a *pro rata* share of its *total representation to date*, less any payments received, which the court calculated to be roughly $188,000.

The SEC objects to KHK's motion and does not believe that KHK is entitled to any additional phase I payouts. Dkt. 241. The SEC's assessment is dead on. Again, the court allowed KHK to collect a *pro rata* share of its *total representation to date*. For example, assuming that the investor class will recover roughly 66 percent of their net principal losses, then KHK may recover 66 percent of the total fees charged for its work for defendants. That value would be off-set by the fees that KHK has recovered to date. The court's rough calculation back in October indicated that KHK would recover roughly $188,000 from phase I *total*. Now, according to the SEC, that number actually appears to have been high, as KHK has been paid approximately 70 percent of its total fees, and the investor class will likely recover approximately 64 percent of their net principal balances.

KHK's motion is denied. KHK may seek additional payment of its fees during phase II.

Entered March 9, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge