UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF LOREN W. HOLZHUETER, and ISC, INC. (d/b/a Insurance Service Center), <br><br> Defendants, and <br><br> HONEFI, LLC, ARLENE HOLZHUETER, and AARON HOLZHUETER, <br><br> Relief Defendants. | Case No.: 3:15-cv-45-jdp |

## ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF ISC, INC. AND HONEFI LLC FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Michael S. Polsky, Esq., as court-appointed receiver (the "Receiver") of ISC, Inc. ("ISC") and Honefi, LLC ("Honefi"), having filed and served his Motion for the Sale of Substantially All of the Assets of ISC and Honefi Free and Clear of All Liens, Claims and Encumbrances (the "Sale Motion"), this matter having come on for hearing on May 25, 2017;

Based upon the Sale Motion, the Notice (as defined below), the information presented in Court, the file and pleadings in this matter, and the arguments presented at the hearing on the Sale Motion, the Court hereby makes the following Findings of Fact, Conclusions of Law and Order:

## FINDINGS OF FACT

1.  On October 20, 2016, the Court entered an Order appointing Michael S. Polsky, Esq., as Receiver and directing the Receiver to sell ISC, Honefi and/or their assets.

2.  On April 26, 2017, the Receiver filed the Sale Motion.

3.  Due notice of the Sale Motion and the Sale Hearing was provided to all Investors, creditors and other parties-in-interest in this matter by notice dated April 28, 2017 (the "Notice").

4.  The Notice and Sale Motion provide adequate information of a kind and in sufficient detail that enable Investors, creditors and other parties-in-interest to make an informed judgment about the Sale Motion.

5.  Pursuant to Transfers of Membership Interests dated November 2, 2016, November 8, 2016 and November 12, 2016, the Receiver holds all membership interests in Honefi LLC ("Honefi"). In addition, all former members of Honefi (Aaron Holzhueter, Arlene Holzhueter and the Estate of Loren Holzhueter) have consented to the sale of Honefi's assets.

6.  The Sale Motion seeks authority to sell substantially all of the assets of ISC, Inc. ("ISC") and Honefi, including: (a) the Real Estate; (b) all of ISC's tangible personal property, computers, furniture, fixtures and equipment; (c) all documents, files, books, lists, records and correspondence, whether written or electronically stored or otherwise recorded, in each case relating to the Business; (d) to the extent assignable or transferable under the terms thereof and permitted by law, all insurance company and broker agreements primarily used in connection with the Business; (e) all intangible and intellectual property owned or licensed by ISC and used in the Business, including copyrights, trade names, trademarks, service marks, training and promotion materials, and software licenses; provided, however, that in the case of any licensed

intangible or intellectual property (such as software licenses), said licenses shall only be included in the Purchased Assets to the extent assignable or transferrable under the terms thereof; (f) all customer relationships and existing and prospective customer lists relating to or arising from the Business; (g) all rights to renew policies for existing or prospective clients of the Business; (h) to the extent assignable or transferrable under the terms thereof and permitted by law, all licenses, certificates, franchises, accreditations, registrations or permits used in connection with the Business; and (i) all commissions earned and recognized after the Closing Date with respect to the Business, and any commissions earned and recognized prior to the Closing Date that constitute prepayments for insurance premiums due and payable after the Closing Date (collectively, the "Assets").

7. The highest and best offer (the "Offer") which the Receiver received for the Assets is from an entity to be formed by AVID Risk Solutions, Inc., Tom Schwarz and Family Insurance Center, Inc. (the "Buyer"). As of February 28, 2017 the value of the Offer, as amended, was approximately $5 million.

8. The Receiver, the Buyer and SKE Group LLC entered into an agreement (the "SKE Agreement") regarding the transfer of an ownership interest held by SKE Group LLC in certain assets relating to the Green Bay office of ISC.

9. The Receiver and the Buyer amended the Offer in order to account for the terms of the SKE Agreement and assign the Buyer's rights under the Offer to an Operating Asset Assignee and a Real Estate Assignee.

10. The Buyer has advised the Receiver and the Court that it is ready, willing and able to acquire the Assets pursuant to the terms of the Offer, as amended, without any contingencies,

except those in the Offer, as amended, which have been waived or satisfied by the Buyer, other than approval of this Court.

## CONCLUSIONS OF LAW

11. The sale process undertaken for the Assets described in the Sale Motion was commercially reasonable, constituted a fair process to sell the Assets and maximized the value of the Assets and funds available for distribution to the Investors and the creditors of ISC and Honefi.

12. Upon closing, the sale of the Assets by the Receiver will constitute a valid, legal and enforceable transfer to the Buyer of all right, title and interest to the Assets, free and clear of all mortgages, judgments, liens, claims and encumbrances.

13. The Buyer is not a successor of ISC or Honefi, and the Buyer is not liable for any of the debts, liabilities or obligations of ISC or Honefi, except those expressly assumed by written agreement with the Receiver.

**IT IS HEREBY ORDERED** that:

1. The court accepts the stipulations between the Receiver and the creditor objectors filed at Dkts. 281-283.

2. The Sale Motion is granted and any Objections to the Sale Motion that have not been resolved by agreement with the Receiver in this order are overruled on their merits.

3. The Sale of the Assets to the Buyer by the Receiver pursuant to the Offer, as amended, and the sale process set forth in the Sale Motion are hereby approved in all respects.

4. The Receiver is authorized to consummate the sale of the Assets pursuant to the terms and conditions of the Offer, as amended, upon payment of the purchase price by the Buyer.

Specifically, and without intending to limit the generality of the foregoing sentence, the Receiver is authorized, both as the court-appointed Receiver for Honefi and holder of all of the limited liability company membership interests in Honefi, to convey the Real Estate to the Buyer pursuant to the terms and conditions of the Offer, as amended.

5. The Receiver is authorized now and in the future to execute and deliver to the Buyer any and all documents reasonably required to convey title to the Assets as defined in the Offer, as amended, or otherwise to the Buyer without further Order of this Court. The SKE Agreement is hereby approved and the Receiver is authorized to execute all documents necessary to effectuate that transaction.

6. Upon closing of the sale as described above, all right, title and interest in and to the Assets shall be vested in the Buyer, free and clear of all mortgages, liens, claims and encumbrances. All mortgages, liens, claims and encumbrances shall attach to the proceeds of the sale to the same extent and priority as they existed with respect to the Assets immediately prior to the closing.

7. The Buyer or its assigns are not successors of ISC or Honefi, have no successor liability for any obligations of ISC or Honefi, and are not liable for any of the debts, liabilities or obligations of ISC or Honefi, except those expressly assumed by written agreement with the Receiver.

8. The Receiver is further authorized to hold in escrow the proceeds from the sale of the Assets, following payment of any necessary closing costs and other customary prorations, pending an Order of this Court approving the Receiver's Phase II Distribution Plan.

9. Upon the sale of the Assets, the Receiver shall be relieved of any and all

responsibility for, or liabilities with respect to, the Assets.

10. This Court retains exclusive jurisdiction to interpret and enforce the provisions of this Order, the Offer, as amended, and the SKE Agreement, and to resolve any disputes with respect to the sale of the Assets by the Receiver.

11. The state court plaintiffs' motion to stay, Dkt. 276, is denied.

**SO ORDERED**

Dated: May 25, 2017

/s/
_____
James D. Peterson
United States District Judge