IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

  v.

ISC, INC., d/b/a INSURANCE SERVICE CENTER, and
THE ESTATE OF LOREN W. HOLZHUETER,                ORDER

                Defendants,                15-cv-45-jdp

  and

HONEFI, LLC, ARLENE HOLZHUETER, and
AARON HOLZHUETER,

                Relief Defendants.

      The Court has reviewed the Quarterly Fee Application for the period from April 1, 2017, through June 30, 2017, of: (I) Michael S. Polsky, Esq., Court-Appointed Receiver for ISC, Inc., Honefi, LLC, and the Life Insurance Proceeds; (II) Beck, Chaet, Bamberger & Polsky, S.C. as Counsel to the Receiver; and (III) Wadsworth Whitestar Consultants, as Consultant to the Receiver (the "Quarterly Fee Application") submitted by the Receiver, Beck, Chaet, Bamberger & Polsky, S.C. ("BCBP") and Wadsworth Whitestar Consultants ("WWC"). Pursuant to the Court's receivership order, Dkt. 196, the $200,000.00 Phase I set-aside is reserved for fees and costs incurred in performing Phase I tasks, and the court will award the miscellaneous case administration fees from the Phase II funds.

      With that in mind, IT IS ORDERED that:

1. Pursuant to this Court's Order Appointing Receiver dated October 20, 2016, Dkt. 196, Michael S. Polsky, Esq., (the "Receiver") was duly appointed to serve as

Receiver for ISC, Inc. ("ISC"), Honefi, LLC ("Honefi"), and the proceeds from the policies insuring Loren W. Holzhueter's life (the "Life Insurance Proceeds") (collectively, the "Receivership Estate"), effective October 20, 2016.

2. Pursuant to the Order Appointing Receiver and the Orders Approving the Receiver's Motions to Employ BCBP and WWC entered January 31, 2017, and June 1, 2017, the Receiver has retained the attorneys and other professionals of BCBP and WWC (collectively, the "Retained Personnel") to assist him in performing his duties as Receiver.

3. Before filing, the Receiver submitted the Quarterly Fee Application to the Securities and Exchange Commission (the "Commission") for review, as required by the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "SEC Billing Instructions").

4. During the Subject Quarter, the Receiver and BCBP devoted 816.2 hours and WWC devoted 64.5 hours to the performance of necessary and valuable services on behalf of the Receivership Estate which were in the best interests of the beneficiaries of the Receivership Estate.

5. Based upon the time, nature, extent, and value of the services performed by the Receiver and the Retained Personnel, the responsibilities assumed by the Receiver, the rates charged by the Receiver and the Retained Personnel, the results achieved to date and the costs of comparable services, the compensation for services rendered and reimbursement of expenses sought in the Receiver's Quarterly Fee Application are reasonable, necessary, and commensurate with the skill and experience required for the activities performed.

6. The fair value of services rendered by the Receiver and BCBP during the Subject Quarter is $268,459.82. This amount includes $27,239.00 for services rendered and $880.85 for expenses incurred in connection with the Phase I Distribution (the "Phase I Fees"). This amount also includes $236,079.00 for services rendered and $4,260.97 for expenses incurred in connection with the Phase II Distribution (the "Phase II Fees").

7. The fair value of services rendered by WWC during the Subject Quarter is $20,537.30. This amount includes $19,775.00 for services rendered and $762.30 for expenses incurred in connection with Phase II Fees.

8. Pursuant to the Order Appointing Receiver and the SEC Billing Instructions, the Receiver is authorized to pay the interim Phase I Fees for the Subject Quarter to the Retained Personnel, subject to a 20% holdback, from the Life Insurance Proceeds, up to $200,000.00 in aggregate. During the Subject Quarter, BCBP incurred $28,119.85 in Phase I fees and expenses. But the Court will not authorize the Receiver to pay those fees in full from the Life Insurance Proceeds. By the Court's count, it has already awarded $184,469.72 in Phase I Fees, paid at 80%, or $147,575.77. *See* Dkt. 238 and Dkt. 268. The Court will not award fees in excess of the $200,000.00 Phase I cap. So the Court will authorize a final Phase I fee award of $15,530.28, to be paid at 80%, or $12,424.22. BCBP may collect its balance—$12,589.57, to be paid at 80%—from the Phase II proceeds.

9. Also pursuant to the Order Appointing Receiver and the SEC Billing Instructions, the Receiver is authorized to pay the interim Phase II Fees for the Subject Quarter to the Retained Personnel, subject to a 20% holdback, from ISC and Honefi assets

and/or sale proceeds. Specifically, the Receiver is authorized to pay $202,343.63 ($252,929.54, paid at 80%) to BCBP and $16,429.84 ($20,537.30, paid at 80%) to WWC from ISC and Honefi assets and/or sale proceeds.

Entered August 11, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge