IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

  v.

ISC, INC., d/b/a INSURANCE SERVICE CENTER, and
THE ESTATE OF LOREN W. HOLZHUETER,

                Defendants,

  and

HONEFI, LLC, ARLENE HOLZHUETER, and
AARON HOLZHUETER,

                Relief Defendants.

ORDER

15-cv-45-jdp

---

On September 5, 2017, a telephone status conference was held before District Judge James Peterson. Plaintiff United States Securities and Exchange Commission appeared by Jennifer Peltz and Timothy Leiman; receiver Michael Polsky appeared on his own behalf and by Joseph Peltz; interested party AVID Acquisitions LLC appeared by Mary Turke; and the state court plaintiffs appeared by Patrick Schott.

At the conference, the court and the parties discussed the best way to resolve the dispute between the receiver and AVID regarding the scope of a provision in the Asset Purchase Agreement (APA) that relates to so-called "straddling policies." In its August 30 order, the court concluded that it could not resolve the dispute as a matter of law on the current record, so it scheduled a telephone conference to determine the next steps. Dkt. 382 at 9-14.

The court and the parties agreed to bifurcate the contract interpretation question and the damages question to preserve resources. As to the contract interpretation question, the parties and the court agreed to the following process.

First, the receiver and AVID may have 60 days to conduct discovery on the question of the parties' intent in adopting the relevant provision of the APA. Discovery is to be limited to what is needed to resolve the parties' dispute about contract interpretation. Second, after discovery is complete, the parties will confer on the question whether the court should resolve the dispute in a motion for summary judgment or after an evidentiary hearing. Third, two weeks after discovery is complete, the parties will submit a joint proposal with their answer to that question, explaining why they believe the court should take their preferred approach.

If the parties choose a summary judgment motion, they will include a proposed briefing schedule in their proposal. If they choose an evidentiary hearing, they will include three proposed dates for the hearing and an estimate for the length of the hearing. (If the estimate is longer than one day, the parties should explain why that much time is needed.) If the parties cannot agree on a method for resolving the dispute, the parties should set out their competing proposals.

ORDER

IT IS ORDERED that receiver Michael Polsky and interested party AVID Acquisitions LLC shall abide by the following schedule in resolving their dispute over the interpretation of the Asset Purchase Agreement:

- no later than November 6, 2017, the parties will complete discovery on the issues relevant to the dispute;

- no later than November 20, 2017, the parties will submit a joint proposal (or if they cannot agree, separate proposals) regarding their preferred method for resolving the dispute, as described in this order.

Entered September 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge