UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : : |
| v. | Case No.: 3:15-cv-45-jdp |
| THE ESTATE OF LOREN W. HOLZHUETER, and ISC, INC. (d/b/a Insurance Service Center), | : : : : : |
| Defendants, and | : : |
| HONEFI, LLC, ARLENE HOLZHUETER, and AARON HOLZHUETER, | : : : |
| Relief Defendants. | : : |

ORDER AUTHORIZING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2017 THROUGH SEPTEMBER 30, 2017 TO: (I) MICHAEL S. POLSKY, ESQ., RECEIVER FOR ISC, INC., HONEFI LLC AND THE LIFE INSURANCE PROCEEDS; (II) BECK, CHAET, BAMBERGER & POLSKY, S.C., AS COUNSEL TO THE RECEIVER; AND (III) WADSWORTH WHITESTAR CONSULTANTS, AS CONSULTANT TO THE RECEIVER

The Court, having considered the Quarterly Fee Application for the Period from July 1, 2017 through September 30, 2017 of: (I) Michael S. Polsky, Esq., Court-Appointed Receiver for ISC, Inc., Honefi LLC and the Life Insurance Proceeds; (II) Beck, Chaet, Bamberger & Polsky, S.C. as Counsel to the Receiver; and (III) Wadsworth Whitestar Consultants, as Consultant to the Receiver (the "Quarterly Fee Application") submitted by the Receiver, Beck, Chaet, Bamberger & Polsky, S.C. ("BCBP") and Wadsworth Whitestar Consultants ("WWC"), **HEREBY ORDERS THAT:**

1. Pursuant to this Court's Order Appointing Receiver dated October 20, 2016 (Docket No. 196), Michael S. Polsky, Esq., (the "Receiver") was duly appointed to serve as

Receiver for ISC, Inc. ("ISC"), Honefi LLC ("Honefi") and the proceeds from the policies insuring Loren W. Holzhueter's life (the "Life Insurance Proceeds") (collectively, the "Receivership Estate"), effective October 20, 2016.

2. Pursuant to the Order Appointing Receiver and the Orders Approving the Receiver's Motion to Employ BCBP and WWC entered January 31, 2017 and June 1, 2017, respectively, the Receiver has retained the attorneys and other professionals of BCBP and WWC (collectively, the "Retained Professionals") to assist him in performing his duties as Receiver. (Docket Nos. 236 and 295.)

3. During the Subject Quarter, the Receiver and BCBP devoted 337 hours and WWC devoted 6.5 hours to the performance of necessary and valuable services on behalf of the Receivership Estate which were in the best interests of the beneficiaries of the Receivership Estate.

4. Based upon the time, nature, extent and value of the services performed by the Receiver and the Retained Professionals, the responsibilities assumed by the Receiver, the rates charged by the Receiver and the Retained Professionals, the results achieved to date and the costs of comparable services, the compensation for services rendered and reimbursement of expenses sought in the Receiver's Quarterly Fee Application are reasonable, necessary and commensurate with the skill and experience required for the activities performed.

5. The fair value of services rendered by the Receiver and BCBP during the Subject Quarter is $94,845.74. This amount includes $93,300.00 for services rendered and $1,545.74 for expenses incurred in connection with the Phase II Distribution (the "Phase II Fees").

6. The fair value of services rendered by WWC during the Subject Quarter is $2,275.00. This amount includes $2,275.00 for services rendered in connection with Phase II Fees.

7. Pursuant to the Order Appointing Receiver and the SEC Billing Instructions, the Receiver is authorized to pay the interim Phase II Fees for the Subject Quarter to the Retained

Professionals, subject to a 20% holdback, from ISC and Honefi assets and/or sale proceeds. Specifically, the Receiver is authorized to pay $75,876.59 to BCBP and $1,820.00 to WWC from ISC and Honefi assets and/or sale proceeds for the Subject Quarter.

**SO ORDERED**, this 31ST day of OCTOBER, 2017.

Hon. James D. Peterson
United States District Judge